UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | No. 2:21-cv-01761-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| PAUL BETENBAUGH, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Safeco Insurance Company of America's ("Plaintiff") Administrative Motion for Leave to File a Motion for Summary Judgment. (ECF No. 55.) Defendant Paul Betenbaugh ("Defendant") filed an opposition. (ECF No. 58.) Plaintiff filed a reply. (ECF No. 59.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not provide a detailed factual background of this action, as it was set forth fully in the Court's prior order. (ECF No. 40 at 2–4.) In short, this action involves an insurance coverage dispute. (*Id.* at 2.) Defendant is an insured under a Homeowners Policy and Umbrella Policy with Plaintiff. (*Id.*) Defendant sought defense coverage under those policies in an underlying state court action, in which Defendant had been sued for: (1) internet impersonation; (2) defamation; (3) false light; (4) negligent infliction of emotional distress; and (5) intentional infliction of emotional distress. (*Id.*) Plaintiff agreed to defend Defendant in the underlying action, subject to a reservation of rights. (*Id.* at 4.) On September 1, 2021, a jury reached a unanimous verdict against Defendant in the underlying action. (*Id.*)

On September 27, 2021, Plaintiff filed the instant action, alleging: (1) a claim for declaratory relief that it had no duty to defend Defendant under the Homeowners Policy; (2) a claim for declaratory relief that it had no duty to indemnify Defendant under the Homeowners Policy; (3) a claim for declaratory relief that it had no duty to defend Defendant under the Umbrella Policy; (4) a claim for declaratory relief that it had no duty to indemnify Defendant under the Umbrella Policy; and (5) a claim for reimbursement of defense fees and expenses. (ECF No. 1 at 17–22.) Defendant filed his answer on January 21, 2022. (ECF No. 14.)

On September 27, 2022, Defendant filed a motion for leave to amend his answer to add counterclaims and parties to this action. (ECF No. 22.) On October 11, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 25.) On September 29, 2023, the Court granted in part and denied in part Plaintiff's motion for summary judgment and denied Defendant's motion to amend his answer. (ECF No. 40.) On June 27, 2024, Plaintiff filed the instant administrative motion for leave to file a second motion for summary judgment. (ECF No. 55.)

## II. STANDARD OF LAW

The Ninth Circuit has held that "district courts have discretion to permit successive motions for summary judgment," and that doing so may "foster[ ] the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (citations omitted). However, due to the potential for abuse, district courts retain discretion to

2

1    "weed out frivolous or simply repetitive motions."  *Id.* (citing *Knox v. Sw. Airlines*, 124 F.3d

2    1103, 1106 (9th Cir. 1997)).  "[A] successive motion for summary judgment is particularly

3    appropriate on an expanded factual record."  *Id.*

### III.    ANALYSIS

5    Plaintiff seeks leave to file a second motion for summary judgment to "raise new legal

6    issues" that were not decided in the Court's prior order.  (ECF No. 55 at 3.)  In its prior order, the

7    Court found there was no duty to defend under the Homeowners Policy because that policy only

8    provided coverage for damage caused by an "occurrence," which was clearly defined in the

9    policy as "an accident."  (ECF No. 40 at 10–11.)  Because the Court found the occurrence at issue

10   in the underlying action was not an accident, the Court found there was no coverage under the

11   Homeowners Policy.  (*Id.* at 11.)  However, the Court was unable to reach the same conclusion as

12   to coverage under the Umbrella Policy because that policy defined "occurrence" differently than

13   the Homeowners Policy.  (*Id.*)  Unlike the Homeowners Policy which defined an "occurrence"

14   only as an "accident," the Umbrella Policy defined an "occurrence" as *either* an "accident" *or* "an

15   offense, committed during the coverage period, which results in personal injury."  (*Id.*)

16   Defendant pointed out this distinction in his opposition to the motion for summary judgment and

17   Plaintiff seemingly acknowledged the oversight and offered new argument on the issue in its

18   reply.  (*Id.*)  The Court declined to consider Plaintiff's argument raised for the first time in reply,

19   noting that Plaintiff offered no reason why it failed to make the argument sooner.  (*Id.*)  Based on

20   Plaintiff's failure to adequately raise the issue in its moving papers, the Court was unable to

21   conclude as a matter of law whether Plaintiff had a duty to defend under the Umbrella Policy and

22   denied Plaintiff's motion for summary judgment on that claim.  (*Id.*)

23   Plaintiff's motion for leave to file a second motion for summary judgment apparently

24   seeks to remedy its previously inadequate briefing on the issue of whether there is coverage under

25   the alternative definition of "occurrence" in the Umbrella Policy.  (ECF No. 55 at 3.)  Plaintiff

26   argues that allowing it to file a motion for summary judgment on this purely legal question is in

27   the interest of judicial economy because it will potentially resolve the entire action.  (*Id.* at 3–5.)

28   In opposition, Defendant argues Plaintiff's motion improperly seeks reconsideration of the prior

1    order, successive motions for summary judgment are generally disfavored, and Plaintiff failed to

2    provide proper notice under Local Rule 230(b).  (ECF No. 58 at 2–6.)

3         Plaintiff titles its motion as an "administrative motion."  (ECF No. 55 at 1.)  However,

4    Plaintiff's motion is devoid of any citation to the Federal Rules of Civil Procedure or this Court's

5    Local Rules that would permit this type of motion.  For the first time in reply, Plaintiff argues the

6    motion is brought pursuant to Local Rule 233.  (ECF No. 59 at 2.)  Eastern District of California

7    Local Rule 233 states,

8         Miscellaneous administrative matters which require a Court order
9         may be brought to the Court's attention through a motion for
          administrative relief. Examples of matters that such motions may
10        address include motions to exceed applicable page limitations;
          requests to shorten time on a motion; requests to extend a response
11        deadline; requests to alter a briefing schedule; or requests to alter a
          discovery schedule that does not affect dispositive motion filing
12        dates, trial dates, or the final pre-trial conference.

13   Plaintiff's motion does not fit into one of the delineated examples of proper motions for

14   administrative relief.  As such, Plaintiff fails to persuade the Court that its administrative motion

15   is the proper vehicle for seeking leave to file a second motion for summary judgment.

16        Plaintiff's motion also ignores that the dispositive motion deadline, as set forth in the

17   Pretrial Scheduling Order, has long passed.  (ECF No. 4 at 4.)  The parties have not stipulated to

18   modify the dispositive motion deadline, nor has Plaintiff filed a properly noticed motion to do so

19   under Federal Rule of Civil Procedure ("Rule") 16.  (*See id.* at 7 (setting forth the procedure for

20   modification of the Pretrial Scheduling Order).)  A Rule 16 motion, which involves a showing of

21   good cause, appears to be a prerequisite to consideration of Plaintiff's motion for leave to file a

22   motion for summary judgment after the dispositive motion deadline.  *See Hoffman*, 593 F.3d at

23   912 ("The district court's decision to allow Defendant to file another motion for summary

24   judgment . . . required the district court first to modify the pretrial order."); *see also Johnson v.*

25   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating that "Rule 16(b)'s 'good

26   cause' standard primarily considers the diligence of the party seeking the amendment" and

27   "carelessness is not compatible with a finding of diligence").  Not only does Plaintiff's motion

28   fail to address Rule 16, but the Court is also unable to glean any arguments from Plaintiff's

4

1   motion as to whether there is good cause to modify the dispositive motion deadline.  *See San*

2   *Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, No. 18-CV-967-GPC-RBB,

3   2020 WL 6685034, at *2 (S.D. Cal. Nov. 12, 2020) ("[A]bsent a showing of good cause, the

4   Court denies [Defendant's] ex parte motion to file a second dispositive motion.").

5          Even if the Court was able to look past the foregoing deficiencies, the Court ultimately

6   declines to exercise its discretion to grant Plaintiff leave to file a second motion for summary

7   judgment.  "A renewed or successive summary judgment motion is appropriate especially if one

8   of the following grounds exists: (1) an intervening change in controlling law; (2) the availability

9   of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or

10  prevent manifest injustice."  *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, No. CIV. 2:12-

11  CV-1218-WBS, 2013 WL 4500667, at *1 (E.D. Cal. Aug. 22, 2013) (citation omitted).  Plaintiff

12  does not argue that any of those circumstances exist in the instant case.  Instead, Plaintiff merely

13  argues it would be in the interest of judicial economy to allow a second motion for summary

14  judgment on the sole remaining legal issue because it would potentially avoid the need for trial.

15  (ECF No. 55 at 4–5.)  It is unclear whether it would be significantly more efficient to allow a

16  second motion for summary judgment rather than proceed to trial.  Moreover, Plaintiff fails to

17  persuade the Court that the interest of judicial economy should excuse Plaintiff from failing to

18  adequately raise the issue in its original motion for summary judgment — especially considering

19  that Plaintiff has made no effort to explain its failure to do so.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    **IV.    CONCLUSION**

2        For the foregoing reasons, the Court DENIES Plaintiff's Administrative Motion for

3    Leave to File a Motion for Summary Judgment.  (ECF No. 55.)  The parties are ORDERED to

4    file a Joint Status Report within thirty (30) days of the electronic filing date of this Order

5    indicating their readiness to proceed to trial and proposing trial dates.  The Joint Status Report

6    should include dates counsel are available for trial, the estimated length of trial, and whether the

7    parties intend to proceed with a bench trial or jury trial.

8        IT IS SO ORDERED.

9        DATED: January 17, 2025

10

11

12    _____

13    TROY L. NUNLEY
      CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6