UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL BETENBAUGH, an individual; DALAS GUNDERSEN, an individual,<br><br>Defendants. | No. 2:21-cv-01761-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiff Safeco Insurance Company of America's ("Plaintiff") Motion to Amend. (ECF No. 76.) Defendant Paul Betenbaugh ("Defendant") filed a limited opposition. (ECF No. 81.) Plaintiff filed a reply. (ECF No. 83.) For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Amend.

///
///
///
///
///
///
///
///

1

1   This matter is set for a bench trial to begin on October 14, 2025. (ECF No. 68.) On July
2   22, 2025, the Court issued a Final Pretrial Order (the "Order"), which indicated the relief sought
3   by the parties was a declaration as to: (1) whether Plaintiff had a duty to defend Defendant in the
4   Underlying Action under the Umbrella Policy and (2) whether Defendant is obligated to
5   reimburse Plaintiff for the defense fees and costs Plaintiff incurred in providing Defendant with a
6   defense in the Underlying Action (the "Reimbursement Claim"). (ECF No. 67 at 15–16.)

7   On September 30, 2025, Plaintiff filed a motion to amend the pleadings to dismiss its
8   Reimbursement Claim without prejudice. (ECF No. 76.) Plaintiff argues the dismissal of its
9   Reimbursement Claim will serve judicial efficiency and "streamline the coverage matters to be
10  decided at the bench trial on the remaining claims[.]" (*Id.* at 3.) Plaintiff further contends no
11  party will be prejudiced by the limitation of the remaining issues to be tried. (*Id.* at 3–4.)

12  In opposition, Defendant states he does not oppose dismissal of the Reimbursement Claim
13  but rather, objects to the request that the dismissal be without prejudice. (ECF No. 81 at 2.)
14  Defendant contends Plaintiff has had ample opportunity to develop and pursue its Reimbursement
15  Claim throughout the litigation which commenced four years ago. (*Id.* at 3.) Defendant further
16  contends allowing Plaintiff to reserve the right to revive the Reimbursement Claim later would
17  undermine judicial economy and prejudice Defendant by leaving open the door to future litigation
18  on the same issue. (*Id.* at 4.) Defendant argues the same judicial efficiency of dismissal is
19  achieved whether it is with or without prejudice. (*Id.*)

20  In reply, Plaintiff contends this Court should allow for the voluntary dismissal of the
21  Reimbursement Claim without prejudice under Federal Rule of Civil Procedure 41(a)(2) ("Rule
22  41(a)(2)") because Defendant cannot show that he will suffer some plain legal prejudice as a
23  result. (ECF No. 83 at 3 (citing *Smith v. Lenches*, 263 F. 3d 972, 975 (9th Cir. 2001)).) First,
24  Plaintiff contends Defendant's argument that he will suffer prejudice because he has spent
25  considerable resources defending the reimbursement claim "rings hollow[.]" (*Id.*) According to
26  Plaintiff, Defendant has not conducted any discovery, taken any depositions, nor filed any
27  dispositive motions in this case. (*Id.*) Thus, Plaintiff contends Defendant has not incurred any
28  discernable expenses litigating the Reimbursement Claim and thus, will not suffer prejudice by its

2

dismissal. (*Id.*) Second, Plaintiff contends Defendant's state court action entitled *Betenbaugh v. Safeco Insurance Company, et al.*, Glenn County Superior Court Case No. 22cv02982 ("the State Court Action") underscores the lack of prejudice. (*Id.* at 2.) In the State Court Action, Defendant has alleged bad faith and unclean hands claims against Plaintiff. (*Id.* at 2.) Given Defendant's position that evidence of Plaintiff's bad faith serves as a defense to the Reimbursement Claim, Plaintiff argues Defendant cannot claim prejudice in having the Reimbursement Claim dismissed in this case and litigated in the State Court Action, which is in its infancy stage. (*Id.* at 3.)

Federal Rule of Civil Procedure 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982).

Here, Defendant has not demonstrated he will suffer some plain legal prejudice as a result of dismissal without prejudice of the Reimbursement Claim. While Defendant states, in a conclusory fashion, that he has spent considerable resources litigating the claim, he has failed to provide evidence of any such resources. On the contrary, Plaintiff argues Defendant has not propounded discovery or taken a deposition in the case. Indeed, the docket reflects Defendant has not filed any dispositive motions. Further, based on the parties' pre-trial briefing, it is apparent to the Court that Plaintiff's Reimbursement Claim and Defendant's claims in the State Court Action are necessarily connected. As such, for judicial efficiency, those claims should be litigated in the same action.

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Amend (ECF No. 76) and DISMISSES, without prejudice, Plaintiff's fifth claim for defense fees and costs Plaintiff

incurred in providing Defendant with a defense in the Underlying Action.

IT IS SO ORDERED.

DATE: October 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4